**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

v.                                                **Case No. 3:10cr101/MCR**

**DENNIS M. CARONI,**

       **Defendant**.
_____/

## ORDER

The defendant was indicted on or about September 22, 2010, for conspiracy to dispense controlled substances in violation of 21 U.S.C. § 841(b)(1)(C) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I) and (h).  On March 28, 2011, the parties appeared before the court on the defendant's Amended Motion to Produce Evidence Favorable to the Accused (doc. 136).  At the hearing, the defendant argued, among other things, that he is entitled to disclosure of the identity of a Source of Information ("SOI") identified in a report prepared by Donald Nides, a Drug Enforcement Agency ("DEA") task force officer.  According to the defendant, the SOI contacted Nides and provided information regarding a pain management clinic owned by the defendant.  Specifically, the defendant contends that the SOI informed Nides that the defendant instituted stricter guidelines for accepting new patients after Hurricane Katrina, evidence the defendant considers to be significant and exculpatory.[1]  The government resisted the defendant's request for the information, maintaining that it is prohibited by the DEA's

---

[1] The government does not dispute the defendant's factual representations regarding the contents of Nides' report.

Case No. 3:10cr101/MCR

confidentiality policy from disclosing the identity of the SOI.[2]

Because the issue had not previously been raised, the court allowed the defendant to supplement his motion with argument and authority regarding his right to disclosure of the SOI's identity (doc. 181). In his supplemental motion, the defendant argued that his need for the potentially exculpatory information overrides any privilege the government may assert. The government disagreed, asserting the need to protect the anonymity of informants and the fact that the information is readily available to the defendant from other sources, including employees, patient records, and prescribing physicians. Notably, the government also advised that its counsel had contacted Nides, furnished him with a copy of the report in question, and asked him directly if he would be able to identify the SOI if ordered to do so. According to the government, Nides responded that he could not.[3] Based on the government's representation regarding Nides' inability to identify the SOI, the undersigned entered an order setting forth her belief that the defendant's motion was moot, but allowing the parties an opportunity to argue otherwise (doc. 194). The defendant responded to the court's order, stating his position that the motion was not moot and suggesting that Nides may have been less than candid when representing that he was unable to identify the SOI. The defendant requested that the court conduct an evidentiary hearing and order Nides to produce notes and other documents containing information provided by the SOI or information that could be used to identify the SOI. According to the defendant, even if Nides does not know the identity of the SOI, his testimony "could prove to be a crucial link to the identity and location of at least one important defense witness."

The court accepts the government's representation that Nides is unable to identify the SOI and therefore is not inclined to hold a hearing so the defendant can conduct what

---

[2] As the Supreme Court explained in *Roviaro v. United States*, 353 U.S. 53, 59 (1957), the government has a privilege to "withhold from disclosure the identity of persons who furnish information for violations of law to officers charged with enforcement of that law . . . The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.*

[3] The government explained at the hearing and in its response to the defendant's supplemental motion that the informants do not always identify themselves and, instead, sometimes choose to provide information anonymously and are told they may do so.

Case No. 3:10cr101/MCR

essentially would be an unauthorized discovery deposition. Out of an abundance of caution, however, the court directs the government to produce to the court an affidavit from Nides regarding his ability – or lack thereof – to identify the SOI at issue, as well as notes and any other documents Nides prepared containing information provided by the SOI and/or the SOI's identity. The notes/documents should be filed under seal. Once the court receives the documents, it will promptly review them *in camera* to determine whether they contain information from which the SOI's identity can be deduced. If the identity is ascertainable, the court will then consider whether the defendant's need for the information outweighs the government's privilege to withhold the information.[4]

Accordingly, it is hereby ORDERED that the government shall produce to the court within fourteen (14) days from the date of this order an affidavit and notes and other documents prepared by Nides regarding information provided by the SOI at issue and/or the SOI's identity so that the court can review them *in camera* for the purposes discussed

---

[4] According to *Roviaro*, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." 353 U.S. at 60-61; *see also United States v. Alzate*, 279 Fed. Appx. 783, 784-85 (11th Cir. 2008). There is no "fixed rule with respect to disclosure," however, and the court must "balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense . . . taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62. The Eleventh Circuit has focused the inquiry on the extent of the informant's participation in the crime, the directness of the relationship between the defendant's asserted defense and the informant's anticipated testimony, and the government's interest in non-disclosure. *See Alzate*, 279 Fed. Appx. at 785. "When the confidential informant is not 'an active participant in the criminal activity, but only a tipster, disclosure of the identity is not required. . . .'" *United States v. Varella*, 692 F.2d 1352, 1355-56 (11th Cir. 1982) (quoting *United States v. Moreno*, 588 F.2d 490, 494 (5th Cir.1979)). "'Thus, even though an informant is present during a critical transaction, the fact that he does not actively participate favors nondisclosure.'" *Id.* at 1356 (quoting *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1980)). "Conversely, where an informer has played a crucial role in the alleged criminal transaction, then disclosure and production of the informer are required to ensure a fair trial. *Id.* "And, in cases where there exists a slight possibility that the defendant might benefit from disclosure, although the informant is more than a mere tipster in the criminal transaction, the law favors nondisclosure where the government can demonstrate a compelling need to protect its informer." *Id.*

Case No. 3:10cr101/MCR

above.

DONE AND ORDERED this 10th day of May, 2011.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**